FILED
John E. Triplett, Acting Clerk
United States District Court

*By MGarcia at 4:46 pm, Nov 05, 2020*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:16cr012-8 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MELVINA LEWIS | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

  If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant contends her medical conditions, i.e. arthritis, obesity, and depression, combined with COVID-19, qualify as an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c) that warrants compassionate release. The Court is satisfied that Defendant has exhausted her administrative remedies with regard to her medical conditions, as they appear to have been considered by the BOP when it denied her reduction-in-sentence request. Dkt. Nos. 1041-2, 1041-3. Because Defendant's obesity puts her at an increased risk of severe illness from COVID-19, according to the CDC, the Court will assume Defendant has shown her medical conditions, combined with the risk of COVID-19, qualify as an "extraordinary and compelling reason" under § 3582(c).

That is not the end of the Court's analysis, however. The Court must now consider the factors contained in 18 U.S.C. § 3553(a), and the Court concludes those factors weigh in favor of Defendant serving the sentence imposed. First, Defendant's criminal history is concerning. In the underlying case, Defendant was involved in a long-term drug trafficking operation, of which

3

Defendant was the main distributor of crack cocaine. The presentence investigation report "conservatively" attributed Defendant with a total of 810.9 grams of cocaine base. Defendant's previous incarceration for the sale of cocaine did not deter her from committing a similar crime. Her prior history includes five drug convictions, three of which were felonies and two of which involved distribution. It also appears Defendant has been disciplined by the BOP three times since her incarceration. Finally, Defendant already benefitted from a downward departure from the U.S. Sentencing Guidelines at sentencing. To grant Defendant compassionate release at this juncture would not reflect the seriousness of her crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: November 5, 2-20

_____
UNITED STATES DISTRICT JUDGE